UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JONATHAN S. MORRIS, P.A. and BROWARD PSYCHOLOGY, P.A., individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHAMBER APPROVED, INC., BROWARD COUNTY CHAMBER OF COMMERCE, INC., MIAMI-DADE COUNTY CHAMBER OF COMMERCE, INC., and SOUTH FLORIDA CHAMBER OF COMMERCE, INC., Florida corporations,<br><br>*Defendants*. | Case No.<br><br><br><br>**CLASS ACTION** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Jonathan S. Morris, P.A. and Broward Psychology, P.A. bring this class action under the Telephone Consumer Protection Act against Defendants Chamber Approved, Inc., Broward County Chamber of Commerce, Inc., Miami-Dade County Chamber of Commerce, Inc., and South Florida Chamber of Commerce, Inc., to stop their practice of sending unauthorized and unwanted fax advertisements, and to obtain redress for all persons and entities similarly injured by their conduct. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their counsel.

**NATURE OF THE ACTION**

1. This case challenges Defendants' practice of collectively sending unsolicited faxes to Florida businesses.

2. The faxes advertise business conferences and expositions hosted by Defendants that include business trade shows, motivational seminars, educational workshops, VIP networking, and government workshops. Among other things, recipients of the faxes are solicited to purchase exhibitor space at or admission to the business trade shows, marketing services, and memberships to Defendants' organizations.

3. As detailed below, Defendants collectively sent the faxes at issue to Plaintiffs and the Class despite: (i) having no established business relationship with them; (ii) never receiving the recipients' consent to send them such faxes; and (iii) that none of the faxes sent contained requisite opt-out notices.

4. As such, Defendants' fax advertisements violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and caused Plaintiffs and putative members of the Class to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, and increased labor expenses.

5. Accordingly, Plaintiffs seek an injunction requiring Defendants to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages, along with costs.

## PARTIES

6. Plaintiff Jonathan S. Morris, P.A. is a Florida professional association with its principal place of business in Broward County.

7. Plaintiff Broward Psychology, P.A. is a Florida professional association with its principal place of business in Broward County.

8. Defendant Chamber Approved, Inc. is a Florida for profit corporation headquartered in Broward County.

9. Defendant Broward County Chamber of Commerce, Inc. is a Florida not for profit corporation headquartered in Broward County.

10. Defendant Miami-Dade County Chamber of Commerce, Inc. is a Florida not for profit corporation headquartered in Miami-Dade County.

11. Defendant South Florida Chamber of Commerce, Inc. is a Florida not for profit corporation headquartered in Broward County.

12. On information and belief, all of the Defendant entities are owned by Lawrence A. Zolnowski and are collectively operated from a single office in Fort Lauderdale, without regard for corporate formalities, to divert profits to Zolnowski, notwithstanding that all Defendants (except for Chamber Approved) are not for profit corporations.[1]

## JURISDICTION & VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the TCPA, a federal statute for which there is federal question jurisdiction.

14. The Court has personal jurisdiction over Defendants and venue is proper in this District because the wrongful conduct giving rise to Plaintiffs' cause of action arose and emanated from this District and because Plaintiffs and Defendants reside in this District.

## COMMON FACTUAL ALLEGATIONS

15. Defendants are a collective organization that, among other things, jointly market and host business conferences and expositions.

---

[1] Defendants' collective operations, at Zolnowski's direction, involve various other corporate entities, including Florida Business News, Inc. and South Florida Women's Chamber of Commerce, Inc., both of which have been administratively dissolved by the Florida Secretary of State, but which, nonetheless, participate in Defendants' unsolicited fax advertising scheme.

3

16. In order to increase their sales of goods and services associated with the conferences and expositions, as well as memberships to their organizations, Defendants' send unsolicited faxes to businesses and consumers. In this case, Defendants' fax marketing scheme resulted in no fewer than 5 unsolicited faxes being sent to Plaintiffs.

17. First, on May 9, 2017, Defendants faxed Plaintiff Morris regarding a business trade show and conference on May 11, 2017 in Fort Lauderdale Beach. A copy of the fax is attached as Exhibit A. The May 9, 2017 fax solicited the recipients' purchase of, among other things, exhibitor space at the business trade show, membership, marketing services, and the opportunity to present a 30 minute seminar "with Full Advance Marketing and Press Release."

18. Second, on August 14, 2017, Defendants faxed Plaintiff Morris regarding a business conference and exposition on August 24, 2017 in Boca Raton. A copy of the fax is attached as Exhibit B. The August 14, 2017 fax solicited the recipients' purchase of, among other things, exhibitor space at the business trade show, membership, marketing services, and the opportunity to present a 30 minute seminar "with Full Advance Marketing and Press Release."

19. Third, on September 30, 2017, Defendants faxed Plaintiff Morris regarding a business conference and exposition on October 5, 2017 in Sunrise. A copy of the fax is attached as Exhibit C. The September 30, 2017 fax solicited the recipients' purchase of, among other things, admission to the conference, exhibitor space at the business trade show, membership, marketing services, and the opportunity to present a 30 minute seminar "with Full Advance Marketing and Press Release."

20. Fourth, on November 11, 2017, Defendants faxed Plaintiff Morris regarding a business conference and exposition on November 30, 2017 in Miami Lakes. A copy of the fax is attached as Exhibit D. The November 11, 2017 fax solicited the recipients' purchase of, among

other things, admission to the conference, exhibitor space at the business trade show, membership, marketing services, and the opportunity to present a 30 minute seminar "with Full Advance Marketing and Press Release."

21. Fifth, on May 6, 2018, Defendants faxed Plaintiff Broward Psychology regarding a business conference and exposition on June 7, 2018 in Miami Lakes. A copy of the fax is attached as Exhibit D. The May 6, 2018 fax solicited the recipients' purchase of, among other things, admission to the conference, exhibitor space at the business trade show, membership, marketing services, and the opportunity to present a 30 minute seminar "with Full Advance Marketing and Press Release."

22. Defendants jointly sent these fax advertisements to, on information and belief, thousands of individuals and business with which they had no existing business relationship, and without their express invitation or permission, in violation of the TCPA.

23. Defendants used a telephone fax machine, computer, and/or other device to send the fax advertisements at issue.

24. Notably, all of the fax advertisements at issue failed to provide recipients with proper opt-out notice information required by the TCPA and implementing regulations. Specifically, the faxed failed to provide notice identifying a fax number and domestic contact telephone number for fax recipients to transmit their opt-out requests.

## CLASS ACTION ALLEGATIONS

25. **Class Definition:** Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of a Class of similarly situated individuals and organizations defined as follows:

> All persons and entities who (1) on or after four years prior to the filing of the initial complaint in this action, (2) received a telephone fax advertisement, (3) sent from

or on behalf of Defendants, and (4) from whom Defendants did not have a record of prior express consent to send the fax advertisements.

The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiffs' attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released. Plaintiffs anticipates the need to amend the class definitions following appropriate discovery.

26. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Class. Class membership can be easily determined from Defendants' records.

27. **Typicality**: Plaintiffs' claims are typical of the claims of the other members of the Class. Plaintiffs are members of the Class, and if Defendants violated the TCPA with respect to Plaintiffs, then they violated the TCPA with respect to the other members of the Class. Plaintiffs and the Class sustained damages as a result of Defendants' uniform wrongful conduct.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

6

    a)    How Defendants gathered, compiled, or obtained the fax numbers of Plaintiffs and the Class;

    b)    Whether Defendants' faxes advertised the commercial availability or quality of property, goods, or services;

    c)    Whether Defendants sent the fax advertisements without first obtaining Plaintiffs and the Class's prior express permission or invitation to do so; and

    d)    Whether Defendants' conduct was willful such that Plaintiffs and the Class are entitled to treble damages.

29.    **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiffs.

30.    **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiffs' challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiffs.

31.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions.

Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiffs and the Class)**

32. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

33. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

34. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

35. The faxes jointly sent by Defendants advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendants' faxes are advertisements under the TCPA.

36. Defendants sent the fax advertisements at issue to Plaintiffs and members of the Class without their prior express invitation or consent, and despite the lack of an existing

business relationship between it and members of the Class.

37. By sending the unsolicited fax advertisements at issue to Plaintiffs and members of the Class without their prior express invitation or permission, Defendants violated 47 U.S.C. § 227(b)(1)(C).

38. As a result of Defendants' conduct, Plaintiffs and the members of the Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

39. Plaintiffs and the Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendants' misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

40. Additionally, as a result of Defendants' unlawful conduct, Plaintiffs and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendants' violations of the TCPA do not continue into the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Jonathan S. Morris, P.A. and Broward Psychology, P.A., on behalf of themselves and the Class, pray for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiffs as the representatives of the Class, and appointing its counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate the TCPA;

C. An order declaring that Defendants' faxes constitute unsolicited advertisements, that they lacked the required opt-out language, and that Defendants sent the faxes without first

obtaining prior express invitation or permission of the recipients, and enjoining Defendants from further violations, and otherwise protecting the interests of the Class;

      D.      An award of statutory damages;

      E.      An award of pre-judgement interest and costs; and

      F.      Such further and other relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs request a jury trial.

Dated: May 14, 2018

*/s/ Avi R. Kaufman*
Avi R. Kaufman (Florida Bar No. 84382)
kaufman@kaufmanpa.com
Kaufman P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiffs and the Class*